UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND,
CENTRAL PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,
WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT AND
APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND, OPERATING ENGINEERS LOCAL 139
DEFINED CONTRIBUTION ANNUITY FUND, TERRANCE E. MCGOWAN,
JOSEPH SHELTON AND INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 139,

    Plaintiffs,

                      Case No. 22-cv-710-pp

 v.

PJS DEVELOPMENT, LLC,

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
(DKT. NO. 10) AND DISMISSING CASE**

On September 6, 2022, after the plaintiffs had moved for entry of default, the clerk of court entered default against the defendant. The plaintiffs since have filed a motion for entry of judgment in the amount of $74,505.44 plus post-judgment interest. Dkt. No. 10. The defendant has not appeared and has not opposed the motion for default judgment. The court will grant the motion.

I. **Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

1

The plaintiffs filed the returned summons executed on June 30, 2022—ten days after they filed their complaint. Dkt. No. 4. Toni Malik, from Wisconsin's Choice Legal Services, Inc., personally served the defendant's registered agent, David Earhart, on June 30, 2022 at 7:41 p.m. Id. Malik served Earhart at W202N10418 Appleton Avenue in Germantown, Wisconsin. Id. Earhart confirmed his identity and "willingly accepted and signed for" the summons and complaint. Id. Kristin Ann Egger notarized the affidavit of service. Id.

Under Fed. R. Civ. P. 12(a)(1), a defendant must answer or otherwise respond within twenty-one days of service unless it has waived service. In this case, the defendant's deadline for responding was July 21, 2022; the defendant did not file anything by that date (and has filed nothing since). The plaintiffs requested entry of default on September 6, 2022, well after the response deadline had passed. Dkt. No. 6. The court is satisfied that the clerk of court properly entered default as to the defendant that same day.

## II. Plaintiff's Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of

2

damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint alleged claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145, and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Dkt. No. 1 at ¶1. The court has jurisdiction over those claims because they arise under federal law. 28 U.S.C. §1331.

In Count One, the plaintiffs alleged that, as a party to a collective bargaining agreement with Local 139 of the International Union of Operating Engineers, the defendant had an obligation to make fringe benefit contributions to the plaintiffs' employee welfare benefit plans. Id. at ¶¶4, 5. The plaintiffs alleged that the defendant failed to make payments in the amount of $30,007.42 for the audited period of August 1, 2020 through June 30, 2021. Id. at ¶9. The plaintiffs alleged that the defendant failed and refused to submit remittance reports or pay contributions for the time period of July 2021 through the present. Id. at ¶9.

The plaintiffs alleged in Count Two that the defendant failed to deduct dues from the wages of its employees. Id. at ¶14. At the time the plaintiffs filed the complaint, the total amount of money the plaintiffs knew the defendant had failed to remit was $412.04 for the audited period. Id. at ¶15. The plaintiffs

3

suspected there would be additional amounts due for the period of July 2021 to the present. Id.

Finally, the plaintiffs alleged in Count Three that the defendant had an obligation under the Collective Bargaining Agreement to make contributions to the plaintiffs' Joint Labor Management Work Preservation Fund a/k/a Construction Business Group for the same audited period. Id. at ¶¶17-21.

The unrefuted allegations establish liability, but the court still must consider the affidavits and declaration with respect to damages. The plaintiffs' attorneys filed a "statement of damages" for the periods of August 1, 2020 through June 30, 2021 and July 1, 2021 through June 30, 2022, asserting that:

> The amount of $57,245.94 is due for delinquent fringe benefit contributions on behalf of the employer's employees.
>
> The amount of $10,915.25 is due for delinquent payment assessments.
>
> The amount of $4,628.75 is due for interest.
>
> The amount of Plaintiffs' reasonable attorneys' fees and costs is $1,715.50.

Dkt. No. 12 at 1. Attorneys Laura Finnegan and Cynthia Buchko filed affidavits in support of their request for attorneys' fees in the amount of $1,715.50. Dkt. Nos. 13, 14.

Rita Becker, who is the Fund Administrator of the Operating Engineers Local 139 Fringe Benefits Fund, filed an affidavit explaining that she has personal knowledge of the matters and would be a competent witness if called to testify. Dkt. No. 15 at ¶1. Becker keeps and maintains records of contributions received by the plaintiffs' funds; maintains individual records on each person, firm and corporation required to make contributions; receives and records contribution reports; and has, under her supervision and direction, all

4

of the books, records and documents relating to the funds. Id. at ¶2. Becker reviewed the audit report prepared by Combined Crafts Statewide Audit Program and "determined that Defendant owes contributions in the amount of **$57,245.94** (consisting of: $24,288.35 for the audited time period of August 1, 2020 through June 30, 2021 and $32,957.59 for the audited time period of July 1, 2021 through June 30, 2022)" (emphasis in original). Dkt. No. 15 at ¶6.[1] Becker avers that the defendant owes interest in the amount of $4,628.75 (consisting of $1,620.50 for the audited time period of August 1, 2020 through June 30, 2021 and $3,008.25 for the audited time period of July 1, 2021 through June 30, 2022). Id. Finally, Becker avers that $10,915.25 is due for delinquent payment assessments (consisting of $4,753.49 for the audited time period of August 1, 2020 through June 30, 2021 and $6,161.76 for the audited time period of July 1, 2021 through June 30, 2022). Id. Becker's spreadsheet, which is attached to her affidavit as Exhibit 9, summarizes the delinquent $57,245.94 in contributions, $10,915.25 in "LDS,"[2] and $4,628.75 in interest. Dkt. No. 15-9. If the court adds the $72,789.94 to the $442.50 in fees (supported by the affidavit of Laura Finnegan) and $1,273 in fees (supported by the affidavit of Cynthia Buchko), the plaintiffs have supported their request for $74,505.44.

---

[1] Becker attached to her affidavit the audit reports. Dkt. Nos. 15-7, 15-8. She did not walk the court through those reports to demonstrate how she calculated the amounts due, which would have been helpful. But there is no question that she would be competent to testify at trial, and the defendant has not responded to the default judgment motion since it was filed three months ago.

[2] According to Becker's affidavit, this amount is for "delinquent payment assessments." Dkt. No. 15 at ¶6. The court does not know what "LDS" stands for.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 10. The court awards the plaintiffs $74,505.44 in damages (contributions, delinquent pay assessments, interest and attorneys' fees and costs), plus post-judgment interest at the rate required by 28 U.S.C. §1961.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of December, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:22-cv-00710-PP   Filed 12/30/22   Page 6 of 6   Document 19